UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ADRIAN L. COOPER,<br><br>    Defendant. | Case No. 97-cv-1041-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Adrian L. Cooper's motion for relief from judgment (Doc. 22). Cooper asks the Court to "permit him to appeal the denial by the United States District Court" of his § 2255 petition. For the following reasons, the Court will deny the motion.

## BACKGROUND

On July 28, 1993, a jury convicted Cooper of conspiring to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). The late United States District Judge Beatty sentenced Cooper to life imprisonment. The Seventh Circuit affirmed Cooper's conviction and sentence on November 3, 1994.

Cooper filed a motion pursuant to 28 U.S.C. § 2255 on December 29, 1997. Judge Beatty concluded that the one-year statute of limitation in the Antiterrorism and Effective Death Penalty Act barred his petition. On December 8, 1999, the Seventh Circuit Court of Appeals affirmed Judge Beatty's decision. Despite the Seventh Circuit's opinion, Cooper asks the Court to reopen the case pursuant to Federal Rule of Civil Procedure 60(b).

## ANALYSIS

In *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), the Supreme Court held that a post-judgment motion in a federal collateral proceeding is a successive petition under 28 U.S.C. § 2244(b)(1) and § 2255 ¶ 8, only if it presents a "claim," i.e., when it "attacks the federal court's previous resolution of a claim *on the merits*." *Accord West v. Schneider*, 485 F.3d 393, 394 (7th Cir. 2007). Under *Gonzalez*, when a petitioner argues a district court misapplied the statute of limitations under § 2244(b), he does not present "a new claim for release and thus does not inaugurate a new collateral attack." *West*, 485 F.3d at 394. By this logic, Cooper's claim of fraud on the court does not constitute a successive petition for purposes of § 2244(b).

Cooper references an affidavit in his motion that he offers to show that Judge Beatty's ruling on the statute of limitations was the product of fraud on the Court. Cooper failed to attach this affidavit to his motion, however, so he has offered no support for his bald assertion of fraud. For this reason, the Court denies Cooper the relief he requests. To the extent Cooper's motion contains a "claim" as defined in *Gonzalez*, the Court dismisses it for want of jurisdiction. *United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir.2005); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996)

## CONCLUSION

The Court **DENIES** Cooper's motion (Doc. 22) to the extent he asks the Court to reopen his case for fraud on the Court. The Court **DISMISSES** Cooper's motion for want of jurisdiction to the extent it raises a claim under § 2244(b).

**IT IS SO ORDERED.**

**DATED: June 26, 2007**

    s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE